

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EMILIO H. CHAVEZ, JR., | § | |
| A.K.A. | § | |
| D/B/A CHAVEZ TRANSPORTATION, LTD., | § | |
| A.K.A. | § | |
| D/B/A LAS TROCA NEGRAS DE MEXICO, | § | |
| TDCJ-CID # 1369270 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-0234 |
| | § | |
| JENNY GLOBAL, LTD., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff EMILIO H. CHAVEZ, JR., also known as doing business as CHAVEZ TRANSPORTATION, LTD., also known as doing business as LAS TROCA NEGRAS DE MEXICO, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and against multiple prison employees, as well as certain law enforcement personnel, the City of Lubbock, and Cindy Hill. Plaintiff was given permission to proceed *in forma pauperis*.

By Order issued September 26, 2007, plaintiff's claims against all defendants except JENNY GLOBAL, LTD. were severed and placed in new causes. Only plaintiff's claims against JENNY GLOBAL, LTD. remain in this cause number.

By his May 14, 2007 Amended Complaint, plaintiff alleges that, on or about May 25, 2006, the defendant deprived him of 200 tractors, 450 trailers, 100 dry van trailers, 50 food grade

tankers and 25 Hazmat tankers, as well as a $36,000,000.00 maintenance account and $27,057,117.00 in accounts payable for an economic loss of $11,200,000.00 of monthly income.

Plaintiff requests "compensatory relief, treble damages, declaratory and injunction [sic] relief, punitive damages, pre and post judgment intrest [sic], past and future pain suffering, loss of parental consortium, economic loss to self and business, mental anguish, encillary [sic] damages, bad faith claim, exemplary damages."

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

by the defendant.

## THE LAW AND ANALYSIS

On October 3, 2007, the Court issued a show cause order that plaintiff show cause why this case should not be dismissed for want of jurisdiction. Plaintiff responded on October 31, 2007 with argument that federal courts have jurisdiction to hear and decide federal constitutional and statutory questions and to summarily enforce settlement agreements entered into by the parties.

Initially, the Court notes plaintiff's claims against JENNY GLOBAL, LTD. state claims of contract violation or conversion. These are not federal causes of action and do not state a claim of violation of federal statutes.

Moreover, plaintiff has stated no facts to support an award of relief under section 1983. Two elements are necessary for recovery in a section 1983 civil rights suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Plaintiff has not alleged any fact showing the defendant was acting under state law and has, therefore, failed to state a claim under Title 42, United States Code, section 1983 on which relief can be granted.

Lastly, the purported settlement agreement submitted by plaintiff is not of itself, sufficient to establish jurisdiction. The disputes covered by the settlement agreement concern claimed violations of state law and do not fall under the jurisdiction of the federal courts.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff EMILIO H. CHAVEZ, JR., also known as doing business as CHAVEZ TRANSPORTATION, LTD., also known as doing business as LAS TROCA NEGRAS DE MEXICO, be DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of May, 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local

Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).